UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOANA LUEVANOS, | ) | Civil No. 14cv2394 JAH (RBB) |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY |
| v. | ) ) | JUDGMENT [Doc. No. 9] AND GRANTING DEFENDANT'S |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) | MOTION FOR SUMMARY JUDGMENT [Doc. No. 11] |
| Defendant. | ) ) | |

## INTRODUCTION

Joana Luevanos ("Plaintiff"), through counsel, filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("the Act"), to obtain judicial review of a "final administrative decision" of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Supplemental Security Income ("SSI") Benefits under Title XVI of the Act. See Doc. No. 1. Plaintiff filed a motion for summary judgment and Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. See Doc. Nos. 9, 11. After a thorough review of the pleadings and exhibits filed by the parties, along with the entire record submitted in this matter, and for the reasons set forth below, this Court DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's cross-motion for summary judgment.

//
//

## I. Factual Background

Plaintiff, who was born on December 2, 1992, is currently 23 years of age. AR[1] at 190. Plaintiff received SSI benefits based on disability as a child. AR at 10. As required by law, plaintiff's eligibility for these disability benefits was redetermined under the rules for determining disability in adults when claimant attained age 18, and on June 29, 2011, it was determined that plaintiff was no longer disabled as of August 31, 2011. Id. Plaintiff alleges a continuation of her childhood disability which was based on plaintiff's qualification of mild mental retardation in January of 1998. AR at 544. Plaintiff's mental retardation classification was reviewed throughout her childhood and adolescence and continued to be found appropriate. See AR at 532-542.

## II. Procedural Background

On December 23, 2011, Plaintiff filed an application for Title XVI SSI Insurance Benefits alleging a disability onset date of December 2, 1992. AR at 190. The defendant denied plaintiff's claim on June 29, 2011, and again denied the initial determination upon reconsideration on December 16, 2011. AR 75-79, 96-109. On December 22, 2011, plaintiff filed a written request for a hearing before an United States Administrative Law Judge ("ALJ"). AR 10. A hearing was scheduled for September 3, 2012, at which plaintiff appeared with her mother and requested a continuance in order to obtain representation. AR at 42. With her attorney present, plaintiff appeared and testified at the hearing on December 10, 2012. See AR 44-55. Additionally, Walter Luhmann, M.D., an impartial medical expert, and Gloria J. Lazoff, a vocational expert, provided testimony. AR 10, 55-63. The ALJ denied benefits in a written decision dated January 25, 2013. AR at 7-9. Plaintiff filed a request for review of hearing decision before the appeals council on February 1, 2013. AR at 5. On August 12, 2014, the appeals council denied plaintiff's request for review. AR at 1-3.

Plaintiff filed the instant complaint on October 8, 2014. See Doc. No. 1. Defendant filed an answer on December 9, 2014. See Doc. No. 6. Plaintiff filed a motion

---

[1] AR refers to the administrative record lodged with this Court.

for summary judgment seeking reversal or remand of the defendant's administrative decision on May 29, 2015. See Doc. No. 9. Defendant filed a cross-motion for summary judgment and opposition to plaintiff's motion on July 7, 2015. See Doc. No. 11. Thereafter, this Court vacated the hearing date and took the matter under submission. See Doc. No. 12.

## DISCUSSION

I.  Legal Standards

    A.  Qualification For Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) she suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).

If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant cannot perform her previous work, the fifth and final step of the process determines whether she is able to perform other work in the national economy considering her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

B. Judicial Review Of An ALJ's Decision

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997)(citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)(citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577,

579 (9th Cir. 1984)(citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision.  See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978).  Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to the Social Security Administrator for further proceedings.  Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

C.     ALJ's Rejection Of A Treating Physician's Opinion

Social Security Ruling 96-2p mandates that if a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight.  Even if the treating source's opinion is not entitled to controlling weight, it is entitled to deference and must be weighed against all 20 C.F.R. 404.1527 factors.  Since opinions of treating doctors are entitled more deference than the opinions of non-treating doctors, an ALJ must provide specific and legitimate reasons, supported by substantial record evidence, when the treating doctor's opinion will not be given controlling weight. Lester v. Chater, 81 F.3d 821 (9th Cir. 1996).  Although the treating physician's opinion is entitled to great deference, it is "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).  The Ninth Circuit requires that an ALJ provide "clear and convincing" reasons to reject the opinion of a treating physician when that opinion is uncontradicted. Lester, 81 F.3d at 830-831.

Where the opinion of the claimant's treating physician is contradicted, and the opinion of a non-treating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the non-treating source may itself be substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). "When there is conflicting medical evidence, the [Commissioner] must determine credibility and resolve the conflict." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). In addition, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. See Id. at 981 F.2d at 1019.

II.     The ALJ's Decision

In the present case, the ALJ found that plaintiff was not disabled, as of August 31, 2011, as defined by the Social Security Act. AR at 12. The ALJ first found that no evidence was offered indicating plaintiff had any medically determinable physical impairments and any exertional limitations. Id. In reliance on the record evidence, the ALJ found plaintiff suffered the following severe impairments: "borderline intellectual functioning and an anxiety disorder (20 CFR 416.920(c))." Id. However, the ALJ found plaintiff did not have an impairment or combination of impairments that meets the standards set in 20 C.F.R. 416.920(d), 416.925 and 416.926. AR at 13.

Next, the ALJ found that plaintiff has a residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: light work, simple repetitive tasks in a non-public environment with minimal interaction with coworkers and supervisors. AR at 14. In support of her finding that plaintiff retained a residual functional capacity, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence. Id. Specifically, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. AR at 17.

The ALJ noted that whenever statements about the intensity, persistence, and limiting effects of symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements based on the consideration of the entire record. AR at 14. Although plaintiff alleged mental impairment, the objective medical evidence of record shows that the plaintiff is able to think and communicate and act in her own best interest. AR at 17. The record shows that plaintiff remains fairly independent with self-help skills, she helps her mother with household chores, prepares simple meals in the microwave, enjoys going out with her family, likes to play video games, and watched movies with her siblings as well as helping with learning skills activities. Id. Consequently, the ALJ found that plaintiff's allegations of disabling pain and limitation are inconsistent with the record evidence. Id.

The ALJ stated the residual functional capacity assessment was supported by the medical expert testimony of Dr. Lewin as well as the opinions of the consultative examiners and the determination by the State Agency consultants. AR at 19. Based on his review of the record evidence, plaintiff has symptoms of borderline intellectual functioning with disturbance in mood, an adjustment disorder and anxiety. AR at 16. Dr. Lewin testified that plaintiff's impairments result in mild restriction of daily living activities; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation.[2] Id. The ALJ opined that plaintiff's mental condition does not preclude the performance of simple repetitive tasks and indicated that plaintiff's impairments are not marked unless they are so severe that she would be unable to function. Id. The ALJ indicated the opinions of the State Agency consultants were given weight because the ALJ found them to be consistent with the objective evidence of record for the period at issue. AR at 17.

The ALJ gave little weight to the treating physician opinion of Dr. Nicole Espito, explaining that it is inconsistent with the doctor's own treating records that show mental

---

[2] The evidence established that the claimant has an IQ of 71, which falls in the borderline range and a GAF score of 77, indicating only mild symptoms. Mental status examinations showed that plaintiff's mood was good and affect was full range.

status primarily within normal limits.  See AR 480-498.  In fact, Dr. Espito's own record showed that on September 27, 2012 plaintiff "is doing well overall," and plaintiff's mental status examination revealed that plaintiff was calm, cooperative, and had good eye contact.  See AR 504-517.  Plaintiff's mood was determined to be ok and affect was full range, thought processes were linear and good.  Id.  The ALJ determined that Espito's notes reflect "ever-changing" diagnoses throughout, including agoraphobia, with a panic disorder, a depressive disorder, developmental delay, patellofermoral dysfunction as well as impulse control disorder, not otherwise specified an anxiety.  AR at 16.  As for the treating physician opinion evidence provided by Veronica Gutierrez, Ph.D., the ALJ also found that her mental residual functioning capacity assessment was inconsistent with the record evidence and with plaintiff's own testimony.  AR at 17, See AR at 516-517.  The ALJ concluded the activities plaintiff performed indicated a higher level of functioning than that found by Dr. Guttierrez and plaintiff's incompatible stress tolerance did not preclude her from engaging in routine unskilled work activity on a sustained basis.  AR at 17-18.

III.   Analysis

Plaintiff seeks reversal or remand of the instant matter on the grounds that the ALJ erred when she gave little weight to the opinions of two treating doctors in favor of the opinion of a non-examining, reviewing doctor.  Doc. No. 9 at 18-20.  Also, plaintiff contends the ALJ's determination that plaintiff is capable of performing unskilled, non-public work is inconsistent with all the medical evidence he cites.  Id. at 19.  Defendant cross-moves for summary judgment, contending that (1) the ALJ provide specific and legitimate reasons, supported by substantial evidence, for not giving the treating doctors' opinions controlling weight; and (2) notwithstanding any alleged error, plaintiff still failed to meet her burden of showing that she was disabled during the relevant period.  See Doc. No. 11-1.

Plaintiff's contentions rest on a premise that the ALJ erred by not giving deference to two letters, one drafted by each treating doctor, claiming plaintiff is "permanently

disabled and cannot work" and diagnosing plaintiff with mental retardation, major depressive disorder, impulse control disorder, among others. See AR at 481-482. The Court does not agree.

The Ninth Circuit requires that an ALJ provide "clear and convincing" reasons to reject the opinion of a treating physician when that opinion is uncontradicted. Lester, 81 F.3d at 830-831. Social Security Ruling 96-2p clarifies that "A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected." If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons based on substantial evidence in the record. Murray v. Heckler, 722 F.2d 499, 501-502 (9th Cir. 1983). An ALJ must do more than offer his conclusions and must set forth his own interpretations and explain why they, rather than the doctors', are correct. Embrey v. Bowen, 849 F.2d 418, 421-422 (9th Cir. 1988). If there is "substantial evidence" in the record contradicting the opinion of the treating physician, the opinion of the treating physician is no longer entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ provided specific, legitimate reasons, supported by substantial evidence in the record concerning why he gave both treating doctors' opinions little weight. The ALJ stated the doctors' opinions that plaintiff had marked limitations in most areas of functioning was inconsistent with the record evidence and plaintiff's own testimony. AR at 17. Specifically, the ALJ found the record shows that plaintiff remains fairly independent with self-help skills, she helps her mother with household chores, prepares simple meals in the microwave, enjoys going out with her family, likes to play video games, watches movies with her siblings and helps her brother with learning skills activities. Id. Also, plaintiff testified that she continues to play with dolls, and that she goes to Wal-Mart or the toy store and the mall with her brothers and sisters. Id. The ALJ interpreted these activities as indicative of a higher level of functioning than that found by Drs. Gutierrez and Espito. AR at 18.

Additionally, Dr. Gutierrez penned a letter stating plaintiff suffered from: (1) panic

disorder without agoraphobia, (2) major depressive disorder, (3) impulse control disorder, (4) communication disorder, and (5) mild mental retardation. AR at 482. Dr. Espito wrote a similar letter. AR at 481. The ALJ stated the assessments by Drs. Gutierrez and Espito were not corroborated by their own treating notes wherein they indicate that plaintiff had "no problems" or that her symptoms were adequately controlled by medication. AR at 18, See AR at 494-496. In fact, the record evidence established that Zyprexa was very effective in controlling plaintiff's impulsive and self-injurious behaviors. Id., see also AR at 460. The ALJ highlighted that multiple mental status evaluations showed findings within normal limits throughout the record. AR at 18, See AR at Exhibits 18F, 20F, 24F, 25F, 26F, and 27F. On August 13, 2012, Dr. Espito evaluated plaintiff for anxiety and panic episodes due to stress at home; but her examination revealed that plaintiff was calm, cooperative, friendly, childlike, yet with very poor hygiene. AR at 492. Plaintiff's presented good eye contact and her thought process was linear, not tangential, circumstantial or delusional. Id. Additionally, the record evidence that plaintiff is high school educated and can communicate in English does not support the treating doctors' claim that plaintiff is mentally retarded or has a communication disorder. AR at 19. There was no evidence of clinical depression or significant anxiety. AR at 15. Moreover, the record evidence indicates that both treating physicians were asked, by plaintiff's mother, to write the letters most supportive of a finding for plaintiff's disability. AR at 487, 491. The ALJ presumably did not find the letters persuasive after considering the record evidence as a whole, including the psychological consultative evaluating doctor's indication that plaintiff's mother "seemed to be selling the claimant's [plaintiff's] disability." AR at 14-15. In view the ALJ's reasoning and the record as a whole, the Court finds the ALJ provided specific, legitimate reasons, supported by substantial evidence for not giving controlling weight to the treating doctors.

//
//
//

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for reversal or remand of the commissioner's administrative decision [Doc. No. 9] is DENIED and Defendant's cross-motion for summary judgment [Doc. No. 11] is GRANTED. The Clerk of Court shall enter judgment accordingly.

Dated: March 31, 2016

JOHN A. HOUSTON
United States District Judge